## The People of the State of Illinois, Defendant in Er-ror, v. Delia Butler, Plaintiff in Error.

### Gen. No. 23,007.

1. PROSTITUTION, § 3a*—*what constitutes fatal variance between information and judgment.* There is a fatal variance between an information which charges defendant with being the keeper of a house of prostitution, to substantiate which evidence is offered, and a judgment which finds defendant guilty of the offense of being an inmate of a house of ill fame for the practice of fornica-tion.

2. PROSTITUTION, § 4c*—*when variance between information and judgment is not cured.* The variance between an information which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

charges a defendant with being the keeper of a house of prostitution and a judgment which finds her guilty of being an inmate of a house of ill fame for the practice of fornication, is not cured by the fact that the evidence is sufficient to show her guilty of the offense named in the judgment.

Error to the Municipal Court of Chicago; the Hon. Harry M. Fischer, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed. Opinion filed October 31, 1917.

P. R. Boylan, for plaintiff in error.

Maclay Hoyne, for defendant in error; John F. Cashen, Jr., of counsel.

Mr. Presiding Justice Goodwin delivered the opinion of the court.

In this case, plaintiff in error was tried on an information charging her with being the keeper of a house of prostitution, and evidence was offered tending to substantiate that charge. The court, however, entered a judgment adjudging her guilty of the criminal offense of being an inmate of a house of ill fame for the practice of fornication.

There is, in our opinion, a fatal variance between the information and the judgment. By the information she was required to meet only the charge that she was a keeper of a house of prostitution; the judgment convicts her of having been guilty of a totally different charge, which the information did not require her to meet. The difference is in substance, and not merely in form.

For the defendant in error it is contended that the word "keeper," in the information, was used inadvertently, and that the trial was conducted upon the assumption that she was tried as having been an inmate. An examination of the statement of the case, however, shows that the prosecution was not conducted on that theory.

It is further contended that the evidence was clearly sufficient to show that she was guilty of the offense named in the judgment. This, in our opinion, is entirely immaterial, for plaintiff in error was not required to offer evidence to meet any charge except the one named in the information.

The judgment of the Municipal Court is reversed.

*Reversed.*